(No. 42422.—

ILLINOIS CRIME INVESTIGATING COMMISSION, Appellee, *vs.*
ALBERT SARNO *et al.*, Appellants.

*Opinion filed May 27, 1970.*

FRANK G. WHALEN, of Chicago, for appellants.

WILLIAM J. SCOTT, Attorney General, of Springfield, (JAMES R. THOMPSON, THOMAS J. KNITTER, JOEL FLAUM, and JAMES B. ZAGEL, Assistant Attorneys General, of counsel,) for appellee.

Mr. JUSTICE CREBS delivered the opinion of the court:

On February 8, 1968, the circuit court of Cook County ordered the defendants to appear before the Illinois Crime Commission and answer questions put to them by the Commission which was then investigating "juice" rackets. The defendants appeared before the Commission but invoked the fifth amendment to all questions asked. On March 21, 1968 the Commission moved the circuit court to enter an order pursuant to section 14 of the Illinois Crime Investigating Commission Act (Ill. Rev. Stat. 1967, ch. 38, par. 203—14) releasing the defendants from all liability to be prosecuted for any testimony they might give before the Commission and compelling the defendants to appear before the Commission and answer such questions as may be put to them. On January 30, 1969, the circuit court granted the motion.

Pursuant to the court's order, defendants appeared before the Commission but again invoked the fifth amendment. On May 9, 1969 the court entered judgment finding defendants in contempt of court and sentenced them to a term of six months in jail.

Defendants appeal from the judgment finding them guilty of contempt of court on several grounds. The first is that the circuit court was without jurisdiction to grant an express order of immunity under section 203—14 of the Illinois Crime Investigating Commission Act. Hence, the defendants argue, the entire order of the circuit court was void. While we agree that nowhere in section 203—14 is the circuit court given the express power to grant immunity

to the defendants, we cannot agree that the order of the circuit court was void. The statute clearly gives the circuit court the power to compel the defendants to appear before the Commission and answer questions. The fact that the court also granted the defendants immunity would not deprive it of jurisdiction to order the defendants to appear before the Commission and answer its questions. By statute, immunity would attach as soon as the defendants would comply with the order and answer questions.

Defendants next argue that the immunity protection of section 203—14 is not as broad in scope as the fifth amendment of the United States constitution. Therefore, the defendants claim that they were justified in invoking the fifth amendment a second time before the Commission. Defendants rely on *Hoffman* v. *United States*, 341 U.S. 479, 95 L. Ed. 1118, 71 S. Ct. 814, in support of their contention. That case held a witness is protected by the fifth amendment from compelled testimony unless "* * * it is perfectly clear, from a careful consideration of all the circumstances in the case that the witness is mistaken, and that the answer cannot possibly have such tendency to incriminate". Defendants contrast this language with section 203—14 which reads:

> "The court shall not order any such person to testify or produce evidence if it reasonably appears to the court that such testimony or evidence, documentary or otherwise, would subject such witness to an indictment, information or prosecution (except for perjury committed in the giving of such testimony or the producing of such evidence) under the laws of another State or of the United States."

The defendants assert the "reasonably certain" standard in section 203—14 is narrower in scope than the "perfectly clear" standard in *Hoffman* v. *United States*. Fifth amendment rights being guaranteed by the Federal constitution,

the construction placed upon these rights by the United States Supreme Court is the highest authority and is binding upon these defendants. By its decision in *Murphy* v. *Waterfront Commission of New York Harbor*, 378 U.S. 52, 12 L. Ed. 2d 678, 84 S. Ct. 1594, that court has made it perfectly clear that the full scope of fifth amendment protection is granted to any witness who is compelled to testify. In that case the court, being faced with the issue whether "* * * one jurisdiction within our federal structure may compel a witness, whom it has immunized from prosecution under its laws, to give testimony which might then be used to convict him of a crime against another such jurisdiction", held that "* * * the constitutional privilege against self-incrimination protects a state witness against incrimination under federal as well as state law * * *". L. Ed. 2d at pp. 680, 694.

We find no merit in defendants' third contention that the State did not affirmatively demonstrate to the defendants that immunity from prosecution was available to them. The Commission, in its motion to have the defendants answer questions put to them by the Commission, specifically mentioned section 203—14. That section grants immunity to the defendants from further prosecutions. That this immunity is co-extensive with the fifth amendment has been established by the holding of *Murphy* v. *Waterfront Commission*. The defendants demonstrated that they were well aware of the immunity available to them in their motion to dismiss the Commission's motion where they cited both section 203—14 and the *Murphy* decision.

The defendants' final argument is that because the information upon which some questions before the Commission was based was obtained from records which a court had previously suppressed, the questions put to them were improper. That argument overlooks the fact that the Crime Commission hearings do not constitute criminal proceedings of any kind. Rather the Commission is an arm of the

legislature directed to investigate organized crime. For these reasons the motion to remand for hearing, which was taken with the case, is denied.

*Judgment affirmed.*